IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANORAMIC STOCK IMAGES LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> BUDGET WATER INTERNATIONAL, INC.; WATER FILTERS OF FLORIDA, LLC, <br><br> *Defendants.* | Civil Case No. <br><br><br> **COMPLAINT AND** <br> **JURY TRIAL DEMANDED** |

Plaintiff Panoramic Stock Images Ltd., by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for its Complaint against Defendants Budget Water International, Inc. and Water Filters of Florida, LLC, hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement brought against Defendants for unauthorized and infringing uses of copyrighted photographs.

2. Plaintiff seeks damages and other relief related to Defendants' infringements of Plaintiff's copyrights in the original photographic works identified herein and that are the subject of this action.

## PARTIES

3. Plaintiff Panoramic Stock Images Ltd. d/b/a Panoramic Images ("Plaintiff" or

"Panoramic") is an Illinois corporation with its principal office in Skokie, Illinois.

4. Plaintiff is the exclusive licensor and agent of its contributing photographers for purposes of pursuing infringements. Plaintiff has full authority to act on behalf of the photographers whose copyrighted images (the "Images") are at issue in this action.

5. Defendant Budget Water International Inc. ("BWI") is a Pennsylvania corporation with its principal address at 610 Alpha Drive, #200, Pittsburgh, PA 15238.

6. Defendant Water Filters of Florida, LLC ("WFF") is a Florida limited liability company with its principal address at 3030 N. Rocky Point Drive, Suite 150A, Tampa, FL 33607.

7. Upon information and belief, Defendant BWI and WFF are affiliated companies owned and operated by the same individuals.

8. Upon information and belief, Defendant BWI previously owned and operated a website located at the URL www.budgetwater.com, through which it advertised, sold, and distributed orders for water treatment products to consumers across the country.

9. Upon information and belief, at some point after being notified of Plaintiff's claims, Defendant BWI changed the URL through which it operated its business to www.waterfiltersofamerica.com. At or around the same time, BWI's ownership also changed the entity through which they sold products from BWI to WFF.

10. Upon information and belief, Defendant WFF owns and operates the website located at www.waterfiltersofamerica.com.

11. Upon information and belief, at all times relevant to Plaintiff's claims, Defendants owned and operated a website, either jointly or individually, located at www.budgetwater.com and subsequently www.waterfiltersofamerica.com, through which they sold and distributed water

treatment products.  Together, these URLs are referred to herein as the "Infringing Website."

## JURISDICTION AND VENUE

12. Jurisdiction for Plaintiff's claims lie with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*., 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress related to copyrights).

13. Venue is proper in this Court under 28 U.S.C. § 1391(b) because, upon information and belief, a significant portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and under 28 U.S.C. § 1400(a) because Defendants may be found in this District.

14. This Court has personal jurisdiction over the Defendants because they conduct substantial and ongoing business in the state of New York and in this District.

15. Upon information and belief, Defendants have sold products to and offered water treatment services to numerous customers in the state of New York and in this District.  Indeed, the Infringing Website includes a page specifically addressing the New York City water supply system and lists the many zip codes in New York where Defendants offer water treatment services, including 10007—where this Court is located.

## FACTUAL ALLEGATIONS

16. Plaintiff is a stock photography agency that licenses its contributing photographers' images to individuals and businesses around the country.

17. Plaintiff's contributing photographers license their Images exclusively through

3

Plaintiff.

18. In or about November 2017, Plaintiff discovered the use and display of twenty (20) Images on Defendants' website depicting various city skylines.

19. Attached as **<u>Exhibit 1</u>** are true and correct copies of screen captures taken of the Infringing Website demonstrating Defendants' unauthorized use.

20. Defendants never requested or obtained licenses from Plaintiff to display or use the Images on the Infringing Website.

21. Although Defendants subsequently removed the Images from the Infringing Website, they have otherwise refused to cooperate with Plaintiff's inquiry and provide information regarding the source and scope of their unauthorized use. Because this information remains in Defendants' sole possession, the full scope of the infringement has not yet been ascertained.

## <u>COUNT I</u>
## COPYRIGHT INFRINGEMENT

22. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

23. Plaintiff is the exclusive licensor of the Images identified in Exhibits 1.

24. Each of the Images has been registered with the U.S. Copyright Office. Attached hereto as Exhibit 2 is a chart detailing the relevant copyright registration information for each of the Images.

25. Upon information and belief, at least nine (9) of the Images were registered with the Copyright Office prior to Defendants' unauthorized use.

26. Defendants copied, displayed, and otherwise exploited the Images without license

4

or permission, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

27. Defendants' infringements were willful, intentional, and/or reckless.

28. Defendants are sophisticated, experienced corporation and knew or should have known that use of Plaintiff's Images without a license was unauthorized and infringing.

29. Plaintiffs' website makes clear that all images are protected by copyright and that the copying, display, and/or distribution of its stock photos is prohibited unless a proper license is obtained and paid for.

30. By copying, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted works, Defendants infringed the copyrights in the creative works identified herein and caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

31. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, and any damages suffered as a result of the lack of credit, attribution, or any other diminution in the Images' value.

32. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter to the extent authorized under Section 505 of the Copyright Act.

**WHEREFORE,** Plaintiff respectfully prays for judgment on its behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs and all copies of the infringing

materials described in this complaint that are in the control or possession or custody of Defendants;

    3.      All allowable damages under the Copyright Act;

    4.      Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

    5.      For such other and further relief as the Court deems just and proper.


Dated:   January 29, 2019

                                          Respectfully submitted,

                                          /s/ Nathaniel A. Kleinman
                                          Nathaniel A. Kleinman
                                          The McCulloch Law Firm
                                          501 Fifth Avenue, Suite 1809
                                          New York, New York 10017
                                          Tel: (212) 355-6050
                                          nate@mccullohciplaw.com

                                          *Attorneys for Plaintiff*